FILED
2010 Feb-17  PM 04:47
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELISABETH GREEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:09-cv-1830-AKK** |
| **TENNESSEE VALLEY** | ) | |
| **AUTHORITY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

## I.  BACKGROUND

On September 14, 2009, Plaintiff Elisabeth Green ("Plaintiff") filed the

present action, *pro se*, against the Tennessee Valley Authority ("TVA").  Doc. 1.

Plaintiff asserts that, on September 8, 2003, TVA violated her rights when its

officers detained her near the TVA Douglas Dam in Tennessee.  Pl.'s Compl. 2.

While detained, Plaintiff alleges that TVA employees unlawfully and intentionally

injured and interfered with her exercise of protected freedoms.  Pl.'s Compl. 1.

In pursuit of relief for the TVA's alleged unlawful acts, Plaintiff seeks

"financial, injunctive and other relief" pursuant to 42 U.S.C. sections 1981, 1983,

1985, and 1988,[1] the First, Fourth, and Fifth Amendments to the United States

Constitution, 16 U.S.C. section 831c(b),[2] and Alabama state law claims of assault

and battery, excessive force, coercive questioning, false arrest and illegal

detention.  Pl.'s Compl. 1, 4-5.  Plaintiff asserts that jurisdiction is proper based on

both federal question and diversity jurisdiction,[3] and that venue is proper because

the TVA resides in the Northern District of Alabama.[4]  *Id*.

## II.  APPLICABLE STANDARD

---

[1] 42 U.S.C. § 1988 has been invalidated.  *See City of Boerne v. Flores*, 521 U.S. 507, 529, 536 (1997) (noting that the Fourteenth Amendment did not provide the federal government the power to substantially alter constitutional rights); *Turner v. Roman Catholic Diocese of Burlington, VT*, 2009 WL 3233764, 21 n.6.  Therefore, the court will not address § 1988, as it is not a source of redress of Plaintiff's claims.

[2] 16 U.S.C.§ 831c(b) provides for TVA's corporate powers and states, in pertinent part, that it can sue or be sued in its corporate name.  Therefore, the court will not address § 831c(b), as it is not a source of redress of Plaintiff's claims.

[3] The court notes that Plaintiff's complaint is insufficient to invoke the court's diversity jurisdiction because the complaint is completely void of any reference to an amount in controversy.  Likewise, Plaintiff's averments regarding citizenship are vague, as the complaint states only that Plaintiff is a "resident of States within the Ninth Circuit Court of Appeals."  Pl.'s Comp. 2.

[4] Venue provisions provide, *inter alia*, that a civil action may be brought in  ". . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated. . . ."  28 U.S.C. § 1391(a).  Notwithstanding the deficiencies requiring dismissal, *infra*, the court acknowledges that venue in this judicial district is not optimal, as the events that gave rise to Plaintiff's complaint occurred in Tennessee.  Pl.'s compl. 2; *Id*.; *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366 (11 Cir. 2003).  However, since Plaintiff chose this forum and since the TVA has operations in this District, the court has jurisdiction over the TVA and can properly hear this case.  *Howard v. Roadway Exp., Inc.*, 726 F.2d 1529, 1531 (11th Cir. 1984); *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006).

A *pro se* complaint is to be construed liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  As courts of limited jurisdiction, the federal court is required to inquire into subject matter jurisdiction, *sua sponte*, even if the parties have not raised the issue.  *Rembert v. Apfel*, 213 F.3d 1331, 1334-34 (11th Cir. 2000).  A district court's *sua sponte* dismissal of a complaint is proper and not reversible error when the allegations in the complaint clearly demonstrate that the court does not have subject matter jurisdiction, or that there exists an affirmative defense such as the statute of limitations.  Fed. R. Civ. Pro. 12 (h)(3); *see Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001) ("While neither party has raised the issue of whether we have subject matter jurisdiction over this case, we are obliged to address the issue *sua sponte*.").

## III.  ANALYSIS

A.    Section 1981

Section 1981 protects against intentional racial discrimination when engaged in certain rights, such as the right to contract, sue, and give evidence.  42

U.S.C. § 1981[5]; *General Bldg. Contractors Ass'n., Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982)*; Baldwin v. Birmingham Bd. of Educ.*, 648 F.2d 950, 954 (5th Cir. 1981).[6]  Further, § 1981 is governed by 28 U.S.C. § 1658's four year statute of limitations for alleged causes of action made possible by a post-1990 enactment. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 382 (2004).  For alleged causes of action made possible by enactments prior to 1990, federal courts must look to the forum state's analogous statute of limitations.  *Id*. at 371.  Here, since Plaintiff filed this action in Alabama, Alabama is the forum state and Alabama law governs for statute of limitations purposes.[7]  *Howard v. Roadway Exp., Inc.*, 726 F.2d 1529, 1531 (11th Cir. 1984); *Porter v. Ray*, 461 F.3d 1315, 1323 (11 Cir. 2006).

In the present case, Plaintiff alleges § 1981 violations due to personal injuries she sustained while detained by TVA officers in September 2003.  Pl.'s Compl. 4.  Plaintiff's complaint makes no reference to any type of denial of rights

---

[5] Section 1981 provides, in pertinent part:  "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence . . . as is enjoyed by white citizens."

[6] Decisions of the former Fifth Circuit rendered prior to October 1, 1981, constitute binding authority in the Eleventh Circuit.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[7] The analysis would be the same under Tennessee law although Tennessee has a one year statute of limitations for personal injury claims.  *Sullivan ex rel. Wrongful Death Beneficiaries of Sullivan v. Chattanooga Medical Investors, LP, et al.*, 221 S.W.3d 506, 508 (Tenn. 2007). Tennessee's one year statute of limitations makes Plaintiff's complaint even more untimely.

due to race.  Even applying the liberal interpretation due to *pro se* litigants, § 1981

is not the appropriate vehicle for redress of Plaintiff's claims.

There is no need here to allow Plaintiff the opportunity to amend her

complaint to allege facts that properly invoke the court's jurisdiction under §

1981because she clearly can not cure the obvious statute of limitations issue.

Plaintiff's complaint asserts that the alleged conduct at issue occurred in

September 2003. Even under the most liberal four year statute of limitations, the

statute would have run in September 2007.  Therefore, Plaintiff's §1981 claim is

due to be dismissed.

B.    Section 1983

Section 1983[8] does not create a federal right, but is a vehicle for asserting

federal rights available through other federal laws.  *Albright v. Oliver*, 510 U.S.

266 (1994).  To establish a § 1983 cause of action, Plaintiff must show that the

TVA, while acting under color of law, deprived her of a Constitutional right.  *See*

*Baker v. McCollan*, 443 U.S. 137, 140 (1979).  Construing the *pro se* complaint

---

[8] Section 1983 provides for liability of a individual

"who under color of any statute, ordinance, regulation, custom, or usage, of any
State or Territory, subjects, or causes to be subjected, any citizen of the United
States or other person within the jurisdiction thereof to the deprivation of any
rights, privileges, or immunities secured by the Constitution and laws."

liberally, it appears that Plaintiff's § 1983 claim *may* be sufficiently plead. However, the court declines to make that determination in light of Plaintiff's untimeliness.

Section 1983 has no statute of limitations of its own.  Rather, this court must look to the forum state's general personal injury statute when determining the timeliness of a § 1983 claim.  *See Hughes v. Lott*, 350 F.3d 1157, 1162-63 (11 Cir. 2003); *Knowles v. Carson*, 419 F.2d 369 (5th Cir. 1969).  Alabama's personal injury statute of limitations is two years from the date the injury accrued.  Ala. Code § 6-2-38; *see Nelson v. Estate of Frederick*, 855 So. 2d 1043, 1047 (Ala. 2003).

Plaintiff's § 1983 claims are untimely.  In her complaint, Plaintiff states that the alleged conduct occurred on September 8, 2003.  Pl.'s Compl. 2.  Therefore, the § 1983 statue of limitations ran September 8, 2005, two years after the alleged incident.[9]  Accordingly, Plaintiff's § 1983 claim is due to be dismissed.

C.     Section 1985

Section 1985 provides redress for victims of conspiracies influenced by racial and political motives.  While § 1985 has several subdivisions, the court's

---

[9] Plaintiff's § 1983 claims are also untimely under Tennessee since Tennessee has a one year statute of limitations.

sole consideration is subsection (3), which is the only one applicable to Plaintiff's

alleged claims.[10]   The Eleventh Circuit has summarized subsection (3) as:

> "(1) conspiracy; (2) for the purpose of depriving, either directly or
> indirectly, any person or class of persons of the equal protection of
> the laws, or of equal privileges and immunities under the laws; and
> (3) act in furtherance of the conspiracy; (4) whereby a person is either
> injured in his person or property or deprived of any right or privilege
> of a citizen on the United States."

*United Brotherhood of Carpenters Joiners of America, Local 610, AFL-CIO v.*

*Scott* 463 U.S. 825, 828-29 (1983).  More specifically, the Eleventh Circuit has

stated that the second element requires "some racial, or perhaps otherwise class-

based, individiously discriminatory animus behind the conspirators' action."  *Id*. at

829, *quoting Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971).  *Lucero v.*

*Operation Rescue of Birmingham*, 954 F.2d 624, 629 n.6 (11th Cir. 1992).

Plaintiff seeks personal injury damages pursuant to § 1985.  Pl.'s Compl. 4.

As previously stated, Plaintiff's complaint fails to allege any race based animus.

Therefore, even liberally construing Plaintiff's complaint, she has failed to state a

claim under § 1985.

Assuming *arguendo* that Plaintiff is allowed to amend her complaint to

---

[10] The portions of Section 1985 not applicable to the present case are subsection (1)
"Preventing officer from performing duties" and (2) "Obstructing justice; intimidating party,
witness or juror."

properly invoke the court's jurisdiction under § 1985, this present action remains barred by the statute of limitations.  Section 1985 does not have its own statute of limitations.  Instead, the applicable statute of limitations is that which the state would enforce if pleading the same claim in state court.  *Knowles v. Carson*, 419 F.2d 369, 370 (5th Cir. 1969).  Alabama's personal injury statute of limitations is two years from the date the injury accrued.  Ala. Code § 6-2-38; *see Nelson v. Estate of Frederick*, 855 So. 2d 1043, 1047 (Ala. 2003).  Like Plaintiff's claims under §§ 1981 and 1983, § 1985's two year statute of limitations presents Plaintiff with an insurmountable hurdle.[11]  Therefore, Plaintiff's § 1985 claim is due to be dismissed.

D.   State Law Claims of Assault and Battery, False Arrest, and Illegal Detention

Because Plaintiff's federal claims were time barred by the statute of limitations, this court declines to exercise supplemental jurisdiction over the alleged state law claims.  28 U.S.C. § 1367(c)(3).

IV.  CONCLUSION

Because the court determined, *sua sponte*, that Plaintiff's complaint is time

---

[11] Plaintiff's § 1985 claims are also untimely under Tennessee law. *See Sullivan ex rel. Wrongful Death Beneficiaries of Sullivan v. Chattanooga Medical Investors, LP, et al.*, 221 S.W.3d 506, 508 (Tenn. 2007).

barred by the applicable statutes of limitations, the above-styled action is hereby,

DISMISSED.  Accordingly, Plaintiff's Motion for Order to File Original

Complaint, (doc. 2), and Motion for Extension of Time to Serve Summons and

Complaint, (doc. 3), currently pending before the court, are MOOT.

Done the 17th day of February, 2010.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE