FILED

2010 Jun-16  AM 09:51
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ELISABETH GREEN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **vs.** | ) | Civil Action Number |
| | ) | **2:09-cv-1830-AKK** |
| **TENNESSEE VALLEY** | ) | |
| **AUTHORITY,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Presently before the court is Plaintiff's Motion to Vacate Order of
Dismissal.  Doc. 7.  Since the court dismissed her complaint, in part, on statutes of
limitations grounds, Plaintiff's motion raises for the first time that she filed her
claims against Defendant Tennessee Valley Authority ("TVA") in September 2005
in the United States District Court for the Central District of California
("California Court").[1]  Doc. 7 at 3.  She contends that the California Court

---

[1] Plaintiff's Motion for Order, doc. 2, made the following vague reference to the
California action:  "Since recovering from injuries mentioned in the Original Complaint, the
Plaintiff has constantly prosecuted a related action in the wrong district, 05-cv-06647-SVW
(Ctx), and smaller unrelated actions."  Doc. 2 at 3.  She has now explicitly informed the court
that this lawsuit is actually her second attempt to recover from the TVA.  Needless to say,
Plaintiff's failure to mention the 2005 lawsuit in the complaint she filed in this court confounded
the court initially.  However, after obtaining CM/ECF access and reviewing the pleadings in the
California proceeding (since Plaintiff failed to summit any of the pleadings to this court), it

dismissed her lawsuit because it lacked personal jurisdiction over the TVA.[2]  *Id*.

Therefore, she asks this court to relate back her claims by equitably tolling the

statutes of limitations to the September 2005 filing date.  *Id*. at 1, 3.  For the

reasons set forth below, the motion is denied.

## I.  Background

On September 9, 2005, Plaintiff filed an action, *pro se*, against more than

fifty defendants, including the TVA, in the California Court.  2:05-cv-6647-SVW,

doc. 1.  The original complaint was more than 140 pages and "particularly difficult

to discern."  *Id*., doc. 76 at 2.

On February 28, 2006, Plaintiff filed a First Amended Complaint that was

more than 100 pages long, "stated 35 causes of action," *id*., and was "confusing,

redundant, conclusory, and indecipherable," *id*., docs. 10; 18 at 2; 76 at 4-5.   The

California Court dismissed the complaint without prejudice and instructed Plaintiff

to file a "briefer complaint" that was "more understandable, and set forth factual

---

became readily apparent why Plaintiff omitted this fact – *i.e.*, the proceedings in the California
Court contradict the representations she makes in her motion to vacate, and, significantly, affirm
that dismissal of her claims are warranted.

[2] Her motion states, "For lack of any other reason, 42USC1983 does not apply against
TVA in the Ninth Circuit because TVA is an instrumentality of States of which California is not
one, and of which no State in the Ninth Circuit is one; and *Bivens* applies to all claims against
TVA in the Ninth Circuit because TVA was created by the USA and is supposed to operate
mainly under Federal law."  Doc. 7 at 3.

and legal allegations in separate sections." *Id*., doc. 76 at 5; *see also* doc. 18 at 2-3.  The court further "warned the Plaintiff that her claims may be barred by the statute of limitations." *Id*.; 18 at 3.

Plaintiff subsequently filed a Second Amended Complaint that was seventy-seven pages in length and set forth factual and legal allegations in separate paragraphs.  *Id*., docs. 19; 76 at 5.  The complaint, however, still used "redundant and meaningless verbiage." *Id*., doc. 54 at 3.  The California Court ordered Plaintiff to file a Third Amended Complaint ("TAC"), not to exceed twenty-five pages in length.  *Id*.

On September 8, 2006, Plaintiff filed a TAC that was twenty-five pages in length, and, even construing it liberally as required with *pro se* plaintiffs, the TAC was "just as incomprehensible as Plaintiff's prior complaints." *Id*., docs. 57; 76 at 5.  Nevertheless, the California Court discerned that:  "The intelligible claims raised in Plaintiff's Third Amended Complaint [] are for violations of her due process and Fourth Amendment rights.  Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)." *Id*., doc. 76 at 2.

As it relates to the TVA, the California Court found that "the TAC suffers from many defects.  Among these defects are that Plaintiff fails to allege any facts

against <u>any</u> Defendant <u>except</u> C., Davis, Lee, Mathews, and various Does. Plaintiff thus fails to state a claim against these [select] Defendants," who moved "to dismiss on various grounds, including failure to state a claim, lack of personal jurisdiction, and improper venue." *Id*., doc. 76 at 2.  The select defendants included TVA.  *Id*.

The California Court dismissed Plaintiff's TAC as to all defendants.  *Id*. at 25.  More specifically, the Court dismissed the claims against TVA because the (1) TAC failed to present any factual allegations against the TVA as required by Fed. R. Civ. P. 8, (2) TVA cannot be sued under *Bivens*, 403 U.S. at 388, and (3) TAC "does not allege any causal connections between [defendant TVA's] conduct and Plaintiff's alleged injuries."  *Id*. at 14-15.  The Ninth Circuit Court of Appeals affirmed.  *Id*., doc. 92.

The three complaints Plaintiff filed in the California Court and the one she filed in this court alleged essentially the same facts that commenced on September 8, 2003, while Plaintiff was vacationing in a park in Sevier County, Tennessee. Here, however, the TVA is the only named defendant and Plaintiff alleged claims pursuant to 42 U.S.C. Sections 1981, 1983 (excessive force and coercive

questioning), 1985, 1988[3], the First, Fourth, and Fifth Amendments to the United States Constitution, state law claims for assault and battery, false arrest, and illegal detention. Doc. 1 at 4-5. This court dismissed Plaintiff's federal claims on statutes of limitations grounds and, as it relates to Sections 1981 and 1985, also because Plaintiff failed to plead race or class-based animus. Doc. 5. The court declined to exercise supplemental jurisdiction over her state law claims. *Id*. Plaintiff now asks this court to vacate the dismissal order by equitably tolling the statutes of limitations to September 9, 2005, the day she filed her initial law suit in the California Court. Doc. 7; *see also* 2:05-cv-6647-SVW, doc. 1.

## II. Legal Framework

Equitable tolling is an extraordinary remedy which is typically applied "only sparingly" and mostly in situations "where the claimant actively pursued his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). *Id*. (citations omitted). It is also applied where the plaintiff timely filed a claim in a court having jurisdiction, but that court dismissed the action due to improper venue. *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 434-35 (1965) (FELA limitation period tolled where

---

[3] Although raised in the complaint, Section 1988 is not a source of redress of Plaintiff's claims. *See City of Boerne v. Flores*, 521 U.S. 507, 529, 536 (1997).

plaintiff timely filed the action in state court having jurisdiction and case was dismissed for improper venue.); *Booth v. Carnival Corp.*, 522 F.3d 1148, 1150 (11th Cir. 2008) (same).  The plaintiff has the burden of showing that equitable tolling is warranted.  *Booth*, 522 F.3d at 1150 (citation and quotation marks omitted).

### III. Sections 1981, 1983, and 1985 Claims

Plaintiff's motion to vacate faces several hurdles.  First, since she raised only Section 1983 claims in the California Court, at best, only that claim is subject to equitable tolling.  However, equitable tolling is not available here because she failed to raise Section 1983 claims in the California Court against the TVA.  In fact, the California Court found that Plaintiff failed "to allege any facts" against the TVA.  *See* 2:05-cv-6647-SVW, doc. 76 at 2.  Consequently, and, as a result, the court found that Plaintiff "fail[ed] to state a claim against these Defendants [including TVA]," and granted TVA's motion to dismiss.  *Id*. at 2, 14.  In other words, her lawsuit in this court is the <u>first</u> time she is alleging claims against the TVA.  As such, Plaintiff cannot meet her burden of showing that she "actively pursued" her judicial remedies against the TVA.  Therefore, this court cannot equitably toll the limitations periods on claims Plaintiff never raised in the California action.

As discussed in this court's opinion dismissing this action, Plaintiff's

Sections 1981, 1983, and 1985 claims are untimely in Alabama.[4]  Doc. 5; *see also*

*Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337 (11th Cir. 2008) (Section

1981's four-year statute of limitation for alleged causes of action made possible by

a post-1990 enactment); *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003)

(Section 1983's statute of limitations determined by Alabama's two-year personal

injury statute of limitation); *see also* Ala. Code § 6-2-38; *Trawinski v. United*

*Tech.*, 313 F.3d 1295, 1298-99 (11th Cir. 2002) (citations omitted) (Section

1985's statute of limitation determined by Alabama's two-year personal injury

statute of limitation).  Moreover, as it relates to Plaintiff's Sections 1981 and 1985

claims, even if equitable tolling applied, these claims were ripe for dismissal also

because they failed to plead race or class-based animus.   *See Baldwin v.*

*Birmingham Bd. of Educ.*, 648 F.2d 950, 954 (5th Cir. 1981) (citations omitted);

*Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 628 (11th Cir. 1992)

---

[4] Although the alleged conduct occurred in Tennessee, this court applied Alabama's two-year personal injury statute of limitation because, "[i]t is well established that when, as here, Congress has provided no period of limitation for a federal claim, the federal courts must borrow the applicable statute of limitations from the *state in which it sits*." *McGuire v. Baker*, 421 F.2d 895, 898 (5th Cir. 1970) (citation omitted) (emphasis added); *see also* doc. 5 at 4.  However, even if Tennessee law applied, dismissal is still warranted.  *Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997) ("The applicable statute of limitations for all the claims is that stated in Tenn. Code Ann. § 28-3-104(a)(3) [], which governs personal tort actions brought under the federal civil rights statutes.  That section provides that covered tort actions 'shall be commenced within one (1) year after the cause of action accrued.'" (citations omitted)).

(citations omitted). Significantly, Plaintiff failed to cure this deficiency in her motion to vacate, *see* doc. 7, and allowing Plaintiff to amend her complaint would not eliminate her statutes of limitations hurdle. Therefore, the court sees no reason to revisit its dismissal of these claims.

## IV. State Law Claims of Assault and Battery and False Imprisonment[5]

Although this court previously declined to exercise supplement jurisdiction over Plaintiff's state law claims, judicial economy dictates reconsideration, especially in light of the additional facts now before this court. *See Pharo v. Smith*, 625 F.2d 1226, 1227 (11th Cir. 1980) (citation omitted) ("That a plaintiff's state law claims will be time-barred if dismissed is certainly a factor, if not a determinative factor, a district court should consider in deciding whether to maintain jurisdiction over pendent state claims once the federal claims have been resolved.").

Because assault and battery and false imprisonment have a one-year statute of limitations in Tennessee, Plaintiff's state law claims are time barred also since the alleged conduct occurred on September 8, 2003. *See* Tenn. Code Ann.

---

[5] Plaintiff's complaint alleges "(false arrest and illegal detention) (common law; state law)," doc.1 at 5, which the court construes as a false imprisonment claim. Her motion to vacate states, "[a]dditionally, Defendant [] TVA committed false imprisonment in its marked police vehicle and in detention centers until the massive bruises disappeared almost completely." Doc. 7 at 5. To the extent Plaintiff intended to allege these claims under Section 1983, they are barred by its two-year statute of limitation, as discussed, *supra*.

Section 28-3-104(a)(1)(2010)[6]; *see Sullivan ex rel. Wrongful Death Beneficiaries of Sullivan v. Chattanooga Med. Investors, LP, et al.*, 221 S.W.3d 506, 508 (Tenn. 2007) (citations omitted); doc. 1 at 2.  In other words, Plaintiff's state law claims (and, for that matter, her Sections 1983 and 1985 federal actions) were untimely in Tennessee even before she filed the California action.  This is probably why Plaintiff never selected that forum.  Her efforts to resurrect her state law claims in this court some six years after the alleged incident fail as well.  Accordingly, Plaintiff's state law claims are also dismissed.[7]

## V.  Conclusion

Equitable tolling does not apply here because, contrary to Plaintiff's contentions, she never raised claims against the TVA in her California action.  For the reasons stated here and in the court's earlier opinion, doc. 5, Plaintiff's

---

[6] Tennessee Code Section 28-3-104 states, "(a) The following actions shall be commenced within one (1) year after the cause of action accrued; (1)Actions for libel, for injuries to the person, false imprisonment . . . ."

[7] Tennessee law applies to Plaintiff's state law claims since the alleged torts occurred in Tennessee.  Doc. 1 at 2.  However, the court notes that Plaintiff's state claims are due to be dismissed even under Alabama's six-year statute of limitations.  Ala. Code Section 6-2-34(1)(1975).  Plaintiff filed this action on September 14, 2009, six days outside of Alabama's six-year limitations period.  The court notes further that the Ninth Circuit Court of Appeals issued its mandate affirming the California Court on May 21, 2009.  2:05-cv-6647-SVW, doc. 92.  Plaintiff had at least three months to timely file the assault and battery and false imprisonment actions.  Therefore, even ignoring the fact that the California Court found that Plaintiff failed to allege any facts against the TVA, Plaintiff cannot show that she diligently pursued her state claims to warrant equitable tolling and subject defendant to liability beyond the statutory period, even if Alabama law applied.

Sections 1981, 1983 (excessive force and coercive questioning), 1985, assault and battery, and false imprisonment claims are untimely and are dismissed, with prejudice.  Her Sections 1981 and 1985 claims fail also because she did not plead race or class-based animus.  Therefore, the motion to vacate is denied.

Done the 16th day of June, 2010.


**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE